***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger and the briefs and arguments of the parties. The appealing party has shown good grounds to amend the prior Opinion and Award. Accordingly, the Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
3. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
4. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
5. The plaintiff alleges to have sustained a compensable injury on August 21, 2000.
6. Plaintiff was out of work on August 22, 2000. Plaintiff worked August 23, 2000-August 25, 2000, and was paid $814.30. Plaintiff worked August 28, 2000 and was paid $182.02. Plaintiff was paid $153.28 in wages for Labor Day 2000. Plaintiff remained out of work until September 25, 2000 and September 26, 2000 which days he worked and was paid $468.65. Plaintiff remained out of work until October 5, 2000, when he worked and was paid $237.78. Plaintiff was also paid $172.44 on October 6, 2000. Plaintiff remained out of work until February 12, 2001, when he returned to work full time for the defendant.
7. At all times relevant to this claim, an employer-employee relationship existed between the plaintiff and defendant-employer.
8. Defendant is self insured, and the Constitution State Service Company is the servicing agent.
9. Plaintiff's medical records from Industrial Health Services, Charlotte Radiology, University Hospital, and Piedmont Emergency Medicine, Assoc. were marked as stipulated exhibit 1, and received into evidence.
10. North Carolina Industrial Commission forms, including a Form 22, were marked as stipulated exhibit 2, and received into evidence.
11. The plaintiff's August 29, 2000 recorded statement, given to Maria Pappas of Constitution State Service Company was marked as stipulated exhibit 3, and received into evidence.
12. The plaintiff's payroll records from August 21, 2000, to October 5, 2001 were marked as stipulated exhibit 4, and received into evidence.
13. The plaintiff's and defendant's discovery responses were marked as stipulated exhibit 5, and received into evidence.
14. The plaintiff's average weekly wage was sufficient to yield the maximum compensation rate of $588.00 for claims arising on or after January 1, 2000.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff had been employed approximately eight years as a truck driver for the defendant-employer.
2. Plaintiff frequently had to deliver freight to locations without docks requiring plaintiff to climb up and down from his truck as a part of his regular job duties.
3. On August 21, 2000, plaintiff was performing his regular job duties as a truck driver for defendant-employer when he noticed an unclaimed skid of freight remaining on his truck following his last designated stop.
4. Upon the instruction of plaintiff's dispatcher, plaintiff pulled his truck onto the shoulder of the road, in order to enter the trailer portion of his vehicle to obtain the PRO number from the unclaimed skid of freight.
5. Although, prior to August 21, 2000, plaintiff had never pulled his truck to the shoulder of the road to inspect freight between stops, plaintiff routinely had climbed up and down from his truck as part of his work routine.
6. On August 21, 2000, plaintiff was performing his normal work routine without interruption under normal working conditions when he stepped off the end of the truck by using the I.C.C. bar as a step and injured his right calf muscle. Nothing unusual occurred during plaintiff's descent and there was no evidence presented that being in a hurry affected the mechanism of his descent. He performed this maneuver on a regular and daily basis.
7. Pulling over to the side of the road was not an interruption of plaintiff's work routine, which would produce unusual conditions likely to result in unexpected consequences. This injury could have occurred no matter where the truck was parked.
8. Plaintiff was diagnosed with a pulled right calf muscle and was told to return to work with no restrictions on August 22, 2000. However, on August 30, 2000, plaintiff was placed out of work by his physicians at Industrial Health Services for a period of one week.
9. On August 31, 2000, plaintiff was informed by Maria Pappas of Constitution State Servicing Company, that his workers' compensation claim was being denied, and no further medical expenses would be paid.
10. On September 1, 2000, plaintiff sought treatment at University Hospital where he was told to elevate and ice his calf and return to the company doctor or Miller Orthopaedic Clinic in three to five days. The plaintiff was not written out of work by the physician at University Hospital.
11. Plaintiff did not return for a follow up appointment at either University Hospital or Industrial Health Services from September 1, 2000 until December 28, 2000. There are no records of plaintiff having made telephone contact with Industrial Health Services during that period of time.
12. On December 28, 2000, plaintiff returned to Industrial Health Services for treatment.
13. It was not until February 7, 2001, the plaintiff was again released to return to work and determined to be at maximum medical improvement.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On August 21, 2000, plaintiff did not sustain an injury by accident arising out of and in the course and scope of his employment with the defendant-employer as he was performing his normal work routine without interruption and under normal work conditions. N.C. Gen. Stat. §97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. In view of the foregoing, plaintiffs claim is hereby and the same shall be DENIED.
2. Each side shall bear its own costs.
This the 5th day of February, 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER